UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ALINA BONSELL,

                     Plaintiff,                   Civil Case No: 17-cv-3763

   -against-                          Plaintiff Demands a
                                        Trial by Jury
VALEANT PHARMACEUTICALS NORTH
AMERICA LLC, and                     **COMPLAINT**
ALAN LEVY, individually,

                     Defendants.
--------------------------------------------------------X

       Plaintiff, ALINA BONSELL (hereinafter referred to as "Plaintiff" or "BONSELL"), by and through her attorneys, DEREK SMITH LAW GROUP PLLC, hereby complains of Defendant VALEANT PHARMACEUTICALS NORTH AMERICAL LLC (hereinafter referred to as "Defendant" or "VALEANT"), Defendant ALAN LEVY (hereinafter referred to as "LEVY") and (hereinafter collectively referred to as "Defendants") upon information and belief, as follows:

## NATURE OF CASE

       Plaintiff ALINA BONSELL complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), the Administrative Code of the City of New York and the laws of the State of New York, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. § 1367 seeking declaratory relief and damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, sexual harassment, gender and sex discrimination, hostile work environment, retaliation and wrongful termination by Defendants.

## JURISDICTION AND VENUE

1. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII.  The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

2. Additionally, the Court has supplemental jurisdiction under the laws of the State of New York and the laws of the City of New York.

3. Around August 2, 2016, Plaintiff submitted a Charge of Discrimination to the U.S. Equal Employment Opportunity Commission ("EEOC").  The federal charge number is 520-2016-03412.

4. Around February 27, 2017, Plaintiff received a Right to Sue letter for her charge from the EEOC.

5. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

6. Venue is proper in this court, as the events giving rise to this action arose in New York County within the Southern District of New York.

## PARTIES

7. At all times relevant herein, Plaintiff is an individual woman who is a resident of the State of New York, New York County.

8. At all times relevant hereto, Defendant VALEANT PHARMACEUTICALS NORTH AMERICA LLC (hereinafter referred to as "VALEANT") is a foreign limited liability corporation duly incorporated under the laws of the State of Delaware, that does business in the State of New York.

9.  At all times relevant hereto, Defendant VALEANT PHARMACEUTICALS NORTH AMERICA LLC maintains its principal place of business at 400 Somerset Corp. Blvd. Bridgewater, New Jersey 08807.

10. At all times relevant hereto, Defendant ALAN LEVY (hereinafter referred to as "LEVY") was and is a resident of the State of New York.

11. At all times relevant hereto, Defendants LEVY was a District Manager at Defendant VALEANT PHARMACEUTICALS NORTH AMERICA LLC.

12. At all times relevant hereto, Plaintiff ALINA BONSELL was an employee of Defendant VALEANT PHARMACEUTICALS NORTH AMERICA LLC.

13. At all times relevant hereto, Defendant LEVY held supervisory authority over Plaintiff BONSELL with regard to her employment.

## MATERIAL FACTS

14. Around April 11, 2014, Plaintiff BONSELL began her employment with Defendant VALEANT in the Aesthetics and Injectable Division.  Plaintiff more than tripled her product sales in the first full quarter of her hiring.

15. Around July of 2014, the Aesthetics and Injectable Division of Defendant was dissolved.

16. Around July 14, 2014, Plaintiff BONSELL was moved to Defendant VAEANT – Bausch & Lomb Division where she interviewed with Defendant and District manager LEVY.

17. Around October 2014, Plaintiff BONSELL was assigned to co-travel with Defendant and District manager, LEVY.

18. Around January of 2015, Defendant LEVY instructed Plaintiff to begin travelling with LEVY two times every month, instead of the Defendant VALEANT's standard one time per month.

19. Almost immediately, Defendant LEVY began to make offensive sexually harassing comments and engage in offensive sexually harassing conduct directed at Plaintiff.   Plaintiff consistently rebuffed Defendant LEVY's sexual advances.

20. On one occasion, Defendant LEVY told Plaintiff, *"I overheard my wife and her girlfriends talking. Boy, I didn't know how important it is to women to have a man with a big penis, I'm sure glad I don't have that problem."*

21. On numerous occasions, Defendant LEVY stared intently at Plaintiff in the close quarters of the car while traveling, and told Plaintiff, *"You look very pretty today Alina,"* making Plaintiff feel extremely uncomfortable.

22. On one occasion, Defendant LEVY had an issue with his pants zipper, and alluded to, and boasted about, how well endowed he was.

23. On a constant basis, Defendant LEVY asked Plaintiff about her pending divorce and told Plaintiff how *"unhappy"* his marriage was.   Defendant LEVY said, *"My wife has me shackled by my balls."*   Defendant LEVY then implied that he had *"available time for an affair"* since his wife travelled for work.

24. On frequent co-travel days, Defendant LEVY informed Plaintiff that he was a bachelor/playboy and had slept with many exotic women.

25. On many occasions, Defendant LEVY pointed to women who were crossing the street while sitting at a red light.   Defendant LEVY, made comments such as *"Now that's a perfect bottom"* or *"Wow, did you see those"* (referring to a woman's breasts).   Defendant LEVY then commented to Plaintiff *"Alina, yours are nice too!"*

26. During sales visits to medical facilities, Defendant LEVY mentioned how attracted he was to some of the female doctors saying *"she is a beautiful woman, she was definitely*

*something when she was younger, I would still take that"* (referring to having sex with the female doctor).

27. On another co-travel day, Defendant LEVY discussed his hobby, gardening, with Plaintiff. Defendant said *"My tomatoes are big, plump and juicy.  That's not the only thing that's big"* (referring to his penis).

28. Defendant LEVY frequently came extremely close to Plaintiff BONSELL while speaking, and Plaintiff stepped back to avoid the uncomfortable and invading conduct of Plaintiff.

29. On various occasions, Defendant LEVY physically hugged Plaintiff.  Plaintiff tried to avoid these embraces at all costs.

30. Around February of 2015, Plaintiff BONSELL received her annual review along with a merit raise of 2.0%.  Plaintiff was noted as being hard working and meeting the Company's expectations.

31. Around February of 2015, at a National Meeting, Defendant LEVY, who was intoxicated, told Plaintiff in front of other colleagues *"Alina, you could be an HR nightmare for me!"* referring to all of the sexual harassment Plaintiff had endured.

32. Around May of 2015, Defendant LEVY began to retaliate against Plaintiff for rebuffing LEVY's unwanted sexual advances.  For example, Defendant LEVY began to scrutinize and reject Plaintiff's expense reports, despite the fact that they were consistent with the company's policies.

33. Around October of 2015, Plaintiff BONSELL began to see a psychiatrist and applied for short-term disability due to the severe physical and psychological symptomology she was experiencing because of the egregious sexual harassment she was forced to endure.

34. Around January 25, 2016, Plaintiff returned to work, and Defendant LEVY continued to

retaliate against Plaintiff for rebuffing his sexual advances.

35. Around February 9, 2016, Plaintiff attended a national sales meeting in Texas.  Due to huge delays, Plaintiff arrived a day later than her co-workers.  Defendant LEVY then singled Plaintiff out for the duration of the meeting, despite the fact that Defendant LEVY instructed Plaintiff not to switch flights at a cost, but rather to take her original delayed flight and arrive late.

36. Around March 30, 2016, Plaintiff met with Defendant LEVY to sign her annual 2015 review.  Despite all the positive reactions witnessed from Plaintiff's accounts, Defendant LEVY's report was extremely negative.  Defendant LEVY sabotaged Plaintiff and retaliated against her for not accepting LEVY'S sexual advances.

37. Around June 23, 2016, a mere week before Plaintiff's quarterly bonus was due, Plaintiff was unlawfully terminated for rebuffing LEVY's sexual advances and because of her sex and gender.

38. Defendants LEVY continuously made inappropriate and offensive sexual comments and engaged in offensive sexually harassing conduct directed at Plaintiff.

39. These actions constituted a serial and continuing course of conduct in violation of the applicable federal, state and city laws.

40. Defendant subjected Plaintiff to sex discrimination, gender discrimination, sexual harassment, quid pro quo sexual harassment, hostile work environment, retaliation and wrongful termination.

41. During Plaintiff's employment at Defendant VALEANT, Plaintiff experienced severe anxiety and depression due to her work environment, necessitating medical attention.  This was due to the incessant sexual harassment, and the unprofessional, degrading, condescending and hostile

treatment of Plaintiff by Defendant LEVY.

42. Despite Plaintiff's consistent attempts to cease this behavior by Defendant LEVY, no corrective action was taken.

43. Due to the severity of the mental anguish Plaintiff experienced while being subjected to quid-pro-quo sexual harassment, and being forced to work in a hostile work environment, as well as a result of Defendants' wrongful termination of Plaintiff, Plaintiff continues to suffer frequent anxiety and panic attacks, including, but not limited to, feelings of violation, embarrassment and lack of enthusiasm for a career Plaintiff once loved.

44. As a result of Defendants' actions, Plaintiff was extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

45. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

46. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails.  Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

47. As Defendants' conduct has been calculated, malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all Defendants jointly and severally.

48. The above are just some of the examples of unlawful and discriminatory conduct to which Defendants subjected Plaintiff on an ongoing and continuous basis.

49. Plaintiff hereby demands reinstatement to her position with Defendants.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(NOT AGAINST ANY INDIVIDUAL DEFENDANTS)**

50. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

51. Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a)    Employer practices, It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his/her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . .

52. DEFENDANT VALEANT engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by allowing sexual harassment, sex and gender discrimination, creating a hostile work environment, retaliating against Plaintiff and wrongfully terminating Plaintiff.

**AS A SECOND CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(NOT AGAINST ANY INDIVIDUAL DEFENDANTS)**

53. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

54. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

55. "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has

made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

56. DEFENDANT VALEANT engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of DEFENDANT.

**AS A THIRD CAUSE OF ACTION
FOR DISCRIMINATION UNDER
NEW YORK STATE LAW
(AGAINST ALL DEFENDANTS)**

57. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

58. Executive Law §296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

59. DEFENDANTS engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of sex and gender, subjecting her to sexual harassment, a hostile work environment, retaliation and wrongful termination.

60. Plaintiff hereby makes a claim against DEFENDANTS under all of the applicable paragraphs of Executive Law Section 296.

**AS A FOURTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**NEW YORK STATE LAW**
**(AGAINST ALL DEFENDANTS)**

61.  Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

62.  New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

63.  DEFENDANTS engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff.

**AS A FIFTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**NEW YORK STATE LAW**
**(AGAINST ALL DEFENDANTS)**

64.  Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of the complaint.

65.  New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

66.  DEFENDANTS engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

**AS A SIXTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**

## THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

67. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

68. The Administrative Code of City of NY §8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

69. DEFENDANTS engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment relating to Plaintiff's sex and gender, and otherwise discriminating against the Plaintiff because of sex and gender, subjecting her to sexual harassment, a hostile work environment, retaliation and wrongful termination.

## AS A SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

70. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

71. The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise

discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

72. DEFENDANTS engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS AN EIGHTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

73. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

74. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

75. DEFENDANTS engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS A NINTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (NOT AGAINST ANY INDIVIDUAL DEFENDANTS)

76. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

77. Section 8-107(13) entitled Employer Liability For Discriminatory Conduct By Employee, Agent or Independent Contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

78. DEFENDANT VALEANT violated the above section as set forth herein.

**AS A TENTH CAUSE OF ACTION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**INTERFERENCE WITH PROTECTED RIGHTS**

79. Plaintiff repeats, reiterates and re-alleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

80. New York City Administrative Code Title 8-107(19) Interference with protected rights stated, "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or

encouraged any other person in the exercise or enjoyment of, any right granted or protected

pursuant to this section."

81. DEFENDANTS violated the above section as set forth herein.

      **WHEREFORE**, Plaintiff demands judgment against all Defendants, jointly and

severally, in an amount to be determined at the time of trial plus interest, punitive damages,

attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems

just and proper.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues to be tried.

Dated: New York, New York
      May 18, 2017

                                     DEREK SMITH LAW GROUP, PLLC
                                     Attorneys for Plaintiff


                                     By:


                                     _____
                                     Abraham Z. Melamed, Esq.
                                     30 Broad Street, 35th Floor
                                     New York, New York 10004
                                     (212) 587-0760

14
